**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

FERNANDO TORRES LOPEZ,

      Plaintiff

v.

HOME DEPOT U.S.A., INC.

      Defendant.

---

**DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL**

---

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws), Defendant Home Depot U.S.A., Inc. (erroneously named as "The Home Depot, Inc.") ("Home Depot"), hereby gives notice of removal of this lawsuit, captioned *Fernando Torres Lopez v. Home Depot U.S.A., Inc.*, bearing case number 2022CV31633, from the District Court for the City and County of Denver, Colorado to the United States District Court for the District of Colorado. Pursuant to 28 U.S.C. § 1446(a), Home Depot provides the following statement of grounds for removal.

**Introduction**

1.      Plaintiff Fernando Torres Lopez ("Plaintiff") sued Home Depot for a laceration allegedly sustained from metal ductwork on June 19, 2020 at the Home Depot store located at 5212 Wadsworth Blvd., Arvada, CO. 80002.

2.      As discussed in more detail below, Home Depot removes this lawsuit because this Court has subject matter jurisdiction based on diversity of citizenship.

3. Plaintiff is a citizen of Colorado, and therefore Plaintiff is deemed a Colorado citizen for purposes of diversity jurisdiction. Furthermore, for purposes of diversity jurisdiction, Home Depot is deemed to be a citizen of Georgia (Home Depot's principal place of business) and Delaware (Home Depot's state of incorporation). Accordingly, complete diversity of citizenship exists in this case as required by 28 U.S.C. § 1332. The statutory amount-in-controversy requirement is also satisfied because Plaintiff seeks damages for "physical injuries, pain and suffering, lost wages and a loss of future earning capacity, loss of enjoyment of life, emotional distress, mental anguish, permanent impairment, and underwent [sic] rehabilitation."

## Background and Procedural History

4. Plaintiff commenced this lawsuit in the District Court for the County of Denver, Colorado by filing a complaint, captioned *Fernando Torres Lopez v. Home Depot U.S.A., Inc.*, Case Number 2022CV31633, on or about June 9, 2022 (the "State Court Action").

5. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint, served on Home Depot in the State Court Action are attached as **Exhibits 1 – 2.**

6. Additionally, pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders filed in the State Court Action, and a copy of the Register of Actions for the State Court Action are attached as **Exhibit 3 – 7.**

7. Plaintiff seeks damages for injuries sustained when "a piece of metal ductwork with a sharp edge fell off a shelf and onto his forehead causing him to suffer a severe laceration, among other injuries" on June 9, 2020 in Arvada, Colorado. Complaint ¶ 12.

**Basis For Removal – Diversity Jurisdiction**

8.      Removal of the State Court Action is proper under 28 U.S.C. §§ 1332 and 1441 because the amount in controversy, exclusive of interest and costs, exceeds $75,000 and the action is between citizens of different states.

9.      According to the Complaint, Plaintiff was at relevant times and is a citizen of the State of Colorado. Complaint ¶ 1.

10.      In addition, Plaintiff's home address is listed in Denver, Colorado in an Arvada Fire Protection District record disclosed to Home Depot pre-litigation relating to the incident, which was printed 5 days after the incident.  June 24, 2020 Arvada Fire Protection District Insurance Information Request Form, attached as **Exhibit 8.**

11.      Home Depot is, and was at the time the State Court Action was filed, a corporation incorporated under the laws of Delaware, with its principal place of business in Georgia. For purposes of federal diversity jurisdiction, Home Depot is a citizen of Delaware and Georgia. 28 U.S.C. § 1332(c)(1).  Colorado Secretary of State Corporate Summary, attached as **Exhibit 9.**

12.      Because Plaintiff is a citizen of Colorado and Home Depot is a citizen of Delaware and Georgia, complete diversity of citizenship exists.

13.      The amount-in-controversy requirement is also satisfied in this case. The Complaint seeks damages for Plaintiff's physical injuries, as well as the following: "pain and suffering, lost wages and a loss of future earning capacity, loss of enjoyment of life, emotional distress, mental anguish, permanent impairment, and underwent rehabilitation," as well as damages for past and future economic loss, past and future medical expenses, and "permanent limitation, injuries and/or disfigurement of the body and/or mind." Complaint at ¶ 13, Prayer for

Relief.  Plaintiff also requests "court costs, attorney fees, expert witness fees, statutory interest from the date this cause of action accrued." *Id.* at Prayer for Relief.

14.     Moreover, because Plaintiff's Complaint does not plead a specific amount of damages pursuant to Colorado Rule of Civil Procedure 8(a), the Court can look to "other papers," including settlement demands, to establish the amount in controversy. *Lacey v. Starbucks Corp.,* 19-CV-00711-CMA-KMT, 2019 WL 1568106, at *3 (D. Colo. Apr. 11, 2019) ("The Court is permitted to consider settlement offers such as Plaintiff's when deciding the jurisdictional question, and it thus considers Plaintiff's demand for $100,000, as well as her subsequent offers to settle for $95,000 or $93,500, as relevant evidence of the amount in controversy.") (internal citations omitted) (citing 28 U.S.C. § 1446(b)(3)).

15.     Here, Plaintiff made a pre-litigation settlement demand for $100,000, further showing that the amount in controversy reaches the $75,000 threshold. Plaintiff Demand Letter, attached as **Exhibit 10** ("Mr. Torres-Lopez will accept $100,000 in full and final satisfaction of this claim."). The demand letter also alleges that Plaintiff suffered "post-concussive symptoms, including dizziness, confusion, forgetfulness, severe headaches, burning sensations in his skull, blurred vision, photophobia and phonophobia. These issues are chronic, and, to some extent, persists today." He allegedly suffers from "ongoing concussion issues, permanent impairment, and permanent scarring." *Id.*

16.     Therefore, based on Plaintiff's allegations and settlement demand, it is plausible that Plaintiff seeks damages in excess of $75,000, exclusive of interest and costs, which satisfies the jurisdictional amount-in-controversy requirement. 28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional

threshold."); *see also McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (holding that the amount-in-controversy requirement can be satisfied by an estimate of the potential damages based upon "[a] complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000").

17.     In sum, this Court has original subject matter jurisdiction over this action based on Section 1332(a) because there is complete diversity of citizenship between Plaintiff and Home Depot and the amount in controversy exceeds $75,000, exclusive of costs and interest.

## Procedural Requirements

18.     The District Court for the County of Denver, Colorado is located within the District of Colorado. Therefore, removal to this Court satisfies the venue requirement of 28 U.S.C. § 1446(a).

19.     Home Depot received notice of process of the original Complaint in the State Court Action on July 27, 2022. This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b)(1), because it is being filed within 30 days of July 27, 2022.

20.     There are no other defendants in this case and thus consent of other parties is not required. § 1446(b)(2)(A).

21.     The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the District Court for the County of Denver, Colorado and will be promptly served on Plaintiff.

22.     Home Depot does not waive any legal defenses and expressly reserves its right to raise any and all legal defenses in subsequent proceedings.

23.     If any question arises as to the propriety of this removal, Home Depot requests the opportunity to present written and oral argument in support of removal.

**Conclusion**

For the foregoing reasons, Home Depot removes this lawsuit to this Court pursuant to 28

U.S.C. §§ 1332, 1441, and 1446 and any other applicable laws.


DATED August 17, 2022.

EVANS FEARS & SCHUTTERT LLP

*/s/ Lee Mickus*
Lee Mickus, #23310
Alexandria Layton, #56842
3200 Cherry Creek Drive South
Suite 380
Denver, CO 80209
Telephone: (303) 656-2199
lmickus@efstriallaw.com
alayton@efstriallaw.com

*Attorneys for Defendant*
*Home Depot U.S.A., Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 17, 2022, a true and correct copy of the foregoing

**DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL** was filed and served

electronically through Colorado Courts E-Filing upon the following:

Russell O. Araya, Esq.
RAMOS LAW
10190 Bannock Street, Suite 200
Northglenn, CO 80260
Telephone: (303) 733-6353
russell@ramoslaw.com

*Attorneys for Plaintiff*

/s/ Kim Smith
For Evans Fears & Schuttert LLP