| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, STATE OF COLORADO<br>1437 Bannock Street, Room 256<br>Denver, CO 80202<br>303-606-2300 | DATE FILED: June 9, 2022 1:06 PM<br>FILING ID: F6AE40E06F86E<br>CASE NUMBER: 2022CV31633 |
| PLAINTIFF(S):   **FERNANDO TORRES LOPEZ,**<br><br>v.<br><br>DEFENDANT(S):  **HOME DEPOT U.S.A., INC.** | ▲ **COURT USE ONLY** ▲ |
| *Attorneys for Plaintiff:*<br>Russell O. Araya, Esq., #41117<br>**RAMOS LAW**<br>10190 Bannock Street, Suite 200<br>Northglenn, CO 80260<br>Phone Number: (303) 733-6353<br>Fax Number: (303) 865-5666<br>E-mail: Russell@ramoslaw.com | Case No:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** ||

Plaintiff Fernando Torres Lopez, by and through his attorneys, Ramos Law, files a Complaint for damages against the Defendant The Home Depot Supply, Inc. as follows:

## PARTIES

1. At all times relevant to the events described herein, Plaintiff Fernando Torres Lopez (hereinafter, "Plaintiff") was and is a resident of the state of Colorado.

2. At all pertinent times, Defendant Home Depot U.S.A., Inc. (hereinafter, "Defendant") was the owner and/or operator of the Home Depot store #1502 located at 5215 Wadsworth Blvd., Arvada, CO 80002 (hereinafter, "the Premises").

3. At all pertinent times, Defendant was a Delaware corporation with its principal office at 2455 Paces Ferry Road, Atlanta, GA 30339, and was doing business in the State of Colorado. The registered agent for Defendant is Corporation Service Company, 1900 W. Littleton Boulevard, Littleton, CO 80120.

4. At all pertinent times, Defendant was responsible for the condition of the Premises, the training of its employees, and all its inventory located on the Premises.

**EXHIBIT 2**

## JURISDICTION AND VENUE

5.      Plaintiff incorporates the prior paragraphs in his Complaint as if fully stated herein.

6.      Venue is proper in this Court pursuant to C.R.C.P. 98(c) because the Defendant is a non-resident of the State of Colorado and venue is proper in the county designated in the Complaint.

## GENERAL ALLEGATIONS

7.      Plaintiff incorporates the prior paragraphs in his Complaint as if fully stated herein.

8.      On or about June 19, 2020, at approximately 7:30 p.m., Plaintiff was a customer shopping within the Premises.

9.      Upon information and belief, Defendant is in the owner of the Premises and is in the business of selling tools, construction products, appliances, and services.

10.     At the above time and place, Defendant failed to properly maintain certain shelved inventory, including metal ductwork, within the Premises.

11.     At the above time and place, Plaintiff was in an aisle of the Premises when a piece of metal ductwork with a sharp edge fell off a shelf and onto his forehead causing him to suffer a severe laceration, among other injuries.

12.     At the time of the incident, Defendant knew or should have known that its improperly shelved inventory would pose an unreasonable risk of danger to persons, such as Plaintiff.

13.     As a result of Defendant's negligence, Plaintiff suffered physical injuries, pain and suffering, lost wages and a loss of future earning capacity, loss of enjoyment of life, emotional distress, mental anguish, permanent impairment, and underwent rehabilitation.

14.     Plaintiff's injuries resulted and will result in past and future medical and related expenses, past and future rehabilitation, and further expenses.

## FIRST CLAIM FOR RELIEF - PREMISES LIABILITY

15.     Plaintiff incorporates the prior paragraphs in his Complaint as if fully stated herein.

16.     For all relevant times, Plaintiff was an "invitee" as defined by §13-21-115, C.R.S. of Defendant and the Premises.

17.     For all relevant times, Defendant was a "landowner," as defined by C.R.S. §13-21-115, of the Premises.

18.     Defendant, through its agents and employees, created the dangerous condition by failing to implement adequate safety protocols, failing to adequately train its employees, failing to inspect its aisles, and failing to properly secure inventory from falling off shelves, among other failures,

**EXHIBIT 2**

and/or Defendant knew of a dangerous condition on the property, or as a person or entity using reasonable care, should have known of the dangerous condition and failed to adequately protect, warn, and/or remedy the dangerous condition.

19. Defendant had a duty to maintain the Premises such it would not pose an unreasonable risk of danger to invitees, such as Plaintiff.

20. Defendant knew, or should have known, of the dangerous condition created by improperly shelved inventory within the Premises.

21. In breach of their legal duty, Defendant failed to use reasonable care to protect against the dangerous condition on the Premises and/or warn invitees, such as Plaintiff.

22. Upon information and belief, Defendant also possessed actual knowledge of the unreasonably dangerous condition on the Premises.

23. Upon information and belief, Defendant recklessly and/or negligently failed to exercise reasonable care in maintaining its shelved inventory or warn invitees, such as Plaintiff.

24. As a result of Defendant's negligence, Plaintiff suffered physical injuries, pain and suffering, lost wages and a loss of future earning capacity, loss of enjoyment of life, emotional distress, mental anguish, permanent impairment, and underwent rehabilitation.

25. Plaintiff's injuries resulted and will result in past and future medical and related expenses, past and future rehabilitation, and further expenses.

## SECOND CLAIM FOR RELIEF - COMMON LAW NEGLIGENCE

26. Plaintiff incorporates the prior paragraphs in his Complaint as if fully stated herein.

27. Defendant owed members of the public, including but not limited to Plaintiff, a duty to exercise reasonable care and provide a safe environment.

28. Defendant breached their duty of care by failing to provide a safe environment and, more specifically, failing to remedy or warn individuals, such as Plaintiff, of the dangerous conditions on the Premises.

29. Defendant knew or should have known that such dangerous conditions would pose an unreasonable risk of danger to individuals, such as Plaintiff.

30. Upon information and belief, Defendant also possessed actual knowledge of the unreasonably dangerous condition on the Premises.

31. Upon information and belief, Defendant recklessly and/or negligently failed to exercise reasonable care in properly maintaining its shelved inventory or warn individuals, such as Plaintiff.

**EXHIBIT 2**

32. As a result of Defendant's negligence, Plaintiff suffered physical injuries, pain and suffering, lost wages and a loss of future earning capacity, loss of enjoyment of life, emotional distress, mental anguish, permanent impairment, and underwent rehabilitation.

33. Plaintiff's injuries resulted and will result in past and future medical and related expenses, past and future rehabilitation, and further expenses.

**WHEREFORE**, Plaintiff requests that Judgment be entered in his favor and against Defendant in an amount sufficient to fairly compensate him for the injuries and damages as set forth above, court costs, attorney fees, expert witness fees, statutory interest from the date this cause of action accrued, or as otherwise permitted under Colorado law, and for such other and further relief as this Court deems just and proper, and/or Plaintiff prays for the following relief:

(a) For an amount which will reasonably compensate him for past and future economic loss;
(b) For an amount which will reasonably compensate him for medical expenses, past and future;
(c) For an amount which will reasonably compensate him for permanent limitation, injuries, and/or disfigurement of the body and/or mind;
(d) For an amount which will reasonably compensate him for pain and suffering, past and future;
(e) For an amount which will reasonably compensate him for loss of enjoyment of life and/or the capacity to live a full life;
(f) For an amount which will reasonably compensate him for past and future wage loss; and
(f) For interest as provided by Statute from the date of the incident which forms the basis of this Complaint to the date of verdict or judgment, and for costs and fees incurred in the prosecution of this matter, and any further and other relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES.**

Dated: June 9, 2022

RAMOS LAW

*[signature]*

_____
Russell O. Araya, Esq. #41117
*Attorneys for Plaintiff*

Plaintiff's Address:
c/o Ramos Law
10190 Bannock Street, Suite 200
Northglenn, CO 80260

**EXHIBIT 2**